**I. C. BRUNWASSER on her own behalf and as representative of a class, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

**Civ. A. No. 81–1162.**

United States District Court, W. D. Pennsylvania.

Nov. 16, 1981.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

Jeffrey S. Blum, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

WEBER, Chief Judge.

On October 30, 1981 the Defendant in the above action filed a Motion for Summary Judgment. The motion was based on the record filed in this action to date and did not include any of the additional evidentiary material that sometimes accompanies a motion for summary judgment. On the same date the movant delivered to the court its memorandum of law in support of its motion.

Without awaiting any direction from the court with respect to the motion, Plaintiff filed a document entitled "Answer to Motion for Summary Judgment".

It is the usual practice of this court to consider all motions at the time of filing to determine if they require further action. There are many motions made which are insufficient in form or substance and which are therefore summarily denied. Motions for summary judgment, because of the discretionary nature of the relief requested, are particularly susceptible to such treatment, because many are insufficiently supported under the terms of Fed.R.Civ.P. 56.

When a motion for summary judgment appears sufficient in form and substance to require action the court invariably indicates by an order what it will require to be done.

In the mind of this member of the court there is no such thing as an "answer" to a motion. Fed.R.Civ.P. 7 limits the application of the term "answer" to certain specific pleadings. With respect to motion practice we use the nomenclature "movant" to identify a party making a motion, the adverse party is termed a "respondent" and his pleading is called a "response".

■ We dwell on this picayune distinction to emphasize that the Plaintiff's "Answer" here filed is neither by name nor by substance a "response" as called for by Fed. R.Civ.P. 56(e). Rule 56(e) says:

... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Respondent's "Answer" states a number of objections, none of which constitute a response to the motion under the requirements of Fed.R.Civ.P. 56(e).

■ Respondent's counsel cries "foul" because he had just recently agreed to an extension of time for answers to interrogatories which he alleges he would not have done had he known that the opposing party would file a motion for summary judgment. The answer to this is that Rule 56(a) says that a plaintiff may move at any time after 20 days from the commencement of the action, or a defendant may move at any time for summary judgment.

Thus nothing in the Rules of Civil Procedure nor in any prior ruling of this court in this case bars this motion at this time. In fact it is the habit of this court to seek out issues appropriate for and invite motions for summary judgment or partial summary judgment on questions of law. The Plaintiff's counsel is in error that the court gave any direction that discovery will be completed before a summary judgment motion will be entertained. This is contrary to the court's understanding of the law and the court's practice in seeking to identify issues at an early stage.

Defendant's motion raises specific questions of law to be determined on facts of record. The motion is not based on any new evidentiary material appended to the motion in support. Plaintiff must respond to these issues directly. It is not necessary that Defendant file any affidavit in support of this motion because the motion is based on the existing record in this case. Rule 56(c) says:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

It may develop that the case cannot be fully adjudicated on the motion. In that case we will proceed as directed by Rule 56(d).

The pendency of Plaintiff's interrogatories unanswered have nothing to do with this motion.

Rule 56(f) makes allowance for the court to refuse the application or to order a continuance to allow the respondent to conduct such discovery as may be needed to permit the respondent to make a proper response. This does not sanction broad general discovery, but only the discovery that may be needed to respond to the motion. This is strictly limited and the respondent must show the reasons for this in his response to the motion.

From our view the present motion is based on causes of action pleaded and facts already of record. We cannot now see the need for such discovery in aid of a response to the motion. The burden is on Plaintiff to show this need.

NOW, THEREFORE, this 16th day of November, 1981, IT IS ORDERED that Plaintiff file her response to Defendant's Motion for Summary Judgment, together with any necessary supporting evidentiary material, and present its brief to the court, on or before December 1, 1981. The court will consider the matter on the record and briefs unless the need for oral argument becomes apparent.